```
       IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FIRST TUSKEGEE BANK,         )
                             )
     Plaintiff,              )
                             )      CIVIL ACTION NO.
     v.                      )       2:09cv1137-MHT
                             )            (WO)
MARTIN McCALL, SR., d/b/a    )
McCall's Construction        )
Company, et al.,             )
                             )
     Defendants.             )
```

## OPINION

Plaintiff First Tuskegee Bank brings suit against a number of defendants, seeking a reformation of a mortgage and declaration of its priority lien over the proceeds in accordance with state law.  The defendants are Martin McCall, Sr., the United States of America Internal Revenue Service, the Alabama Department of Revenue, the Alabama Department of Industrial Relations, Regions Bank, the Greater Montgomery Home Builders Association, and the American Home Insurance Company.  This suit was removed from state court, pursuant to 28 U.S.C. §§ 1444 and 2410(a), on the ground that First Tuskegee seeks to quiet

title with respect to real property on which the United States, through the Internal Revenue Services, claims a mortgage or lien.  First Tuskegee now moves for an entry of default judgment against the Alabama Department of Industrial Relations, Regions Bank, and the American Home Assurance Company.  The motion will be granted as to these defendants.

This case concerns a real estate mortgage and security agreement that was executed by McCall in favor of First Tuskegee in the amount of $ 90,000 over personal property purchased by McCall.  First Tuskegee asserts that the defendants named in this suit may claim an interest in the property by way of lien or other encumbrance.  First Tuskegee further asserts, however, that it "holds a superior interest" in the property and, therefore, is "entitled to reformation of the mortgage" and "an order quieting title to the subject property adjudicating that [it] has a valid lien [that is]

2

superior to the interests" of the other parties. Pl.'s Mot. at 3 (Doc. No. 23).

First Tuskegee submitted a motion for an entry of default judgment against the Alabama Department of Industrial Relations, Regions Bank, and the American Home Assurance Company after they failed to answer or otherwise respond to the complaint within the time allowed by law. By order of this court, these defendants had until July 9, 2010, to show cause as to why the motion for entry of default judgment should not be granted. They did not respond. Default judgment is therefore due to be entered against the Alabama Department of Industrial Relations, Regions Bank, and the American Home Assurance Company. An appropriate judgment will be entered.

DONE, this the 22nd day of July, 2010.

                         /s/ Myron H. Thompson
                        **UNITED STATES DISTRICT JUDGE**