IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FIRST TUSKEGEE BANK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:09cv1137-MHT |
| | ) | (WO) |
| MARTIN McCALL, SR., d/b/a | ) | |
| McCall's Construction | ) | |
| Company, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION

Plaintiff First Tuskegee Bank brings suit against a number of defendants, seeking a reformation of a mortgage and declaration of its priority lien over the proceeds, in accordance with state law.  The defendants are Martin McCall, Sr., the United States of America Internal Revenue Service, the Alabama Department of Revenue, the Alabama Department of Industrial Relations, Regions Bank, the Greater Montgomery Home Builders Association, and the American Home Insurance Company.  This suit was removed

from state court, pursuant to 28 U.S.C. §§ 1444 and 2410(a), on the ground that First Tuskegee seeks to quiet title with respect to real property on which the United States, through the Internal Revenue Service, claims a mortgage or lien.  First Tuskegee now moves for an entry of default judgment against the Alabama Department of Revenue.  The motion will be granted as to this defendant.

This case concerns a real estate mortgage and security agreement that was executed by McCall in favor of First Tuskegee Bank in the amount of $ 90,000 over personal property purchased by McCall.  First Tuskegee asserts that the defendants named in this suit may claim an interest in the property by way of lien or other encumbrance.  First Tuskegee further asserts, however, that it "holds a superior interest" in the property and, therefore, is "entitled to reformation of the mortgage" and "an order quieting title to the subject property adjudicating that [it] has a valid lien [that is]

2

superior to the interests" of the other parties. Pl.'s Mot. at 3 (Doc. No. 23).

First Tuskegee submitted a motion for an entry of default judgment against the Alabama Department of Revenue after it failed to answer or otherwise respond to the complaint within the time allowed by law. By order of this court, the Alabama Department of Revenue had until July 9, 2010, to show cause as to why the motion for entry of default judgment should not be granted and default judgment should not be entered against it. On July 12, 2010, the Alabama Department of Revenue submitted a response to the motion, which it then amended on July 28, 2010, stipulating that its lien on the challenged property is not superior to the claims of First Tuskegee Bank or to those of the Internal Revenue Service.

The court accepts the stipulation only as it pertains to First Tuskegee Bank, and therefore finds that default judgment is due to be entered against the Alabama

Department of Revenue.  An appropriate judgment will be entered.

DONE, this the 9th day of August, 2010.

                           /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE